# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| **CARLA GERAMI ET AL** | **CASE NO. 6:19-CV-00618** |
| **VERSUS** | **JUDGE DOUGHTY** |
| **LANDON DUPUIS ET AL** | **MAGISTRATE JUDGE HANNA** |

## MEMORANDUM RULING

Before the Court is the Motion for Leave to File Second Supplemental and Amending Complaint filed on behalf of Plaintiffs, Carla Gerami and Gerald Gerami (Rec. Doc. 14). Defendant, James River Insurance Company, opposes the Motion (Rec. Doc. 16), and Plaintiffs replied (Rec. Doc. 17). Considering the evidence, the law, and the arguments of the parties, and for the reasons fully explained below, the Motion is GRANTED.

## Factual Background

Plaintiffs filed this suit on January 10, 2019 following an automobile accident in which they were allegedly injured when Landon Dupuis allegedly struck the Uber vehicle in which they were passengers. (Rec. Doc. 1-2). Plaintiffs subsequently amended their Petition in state court to name their uninsured motorist carrier, James River Insurance Company and dismissed the local defendants (Dupuis, his parents, and their insurer). (Rec. Doc. 1-3; 1-5). James River removed the case to this Court on May 14, 2019. (Rec. Doc. 1). Trial is set for September 8, 2020. (Rec. Doc. 13).

On January 21, 2020, Plaintiff moved for leave to file a Second Supplemental and Amending Complaint to allege bad faith claims and claims for penalties and attorney's fees against James River under Louisiana law. (Rec. Doc. 14). The deadline for amendment of pleadings expired on January 22, 2020. (Rec. Doc. 13). James River opposed the Motion on the grounds that the proposed amendment would raise a new claim which would prejudice the defendant. (Rec. Doc. 16).

**Applicable Law**

A party may amend his complaint 1) within twenty-one days of serving it; 2) within twenty-days after service of a responsive pleading or Rule 12 Motion; or 3) otherwise with written consent of the opposing party or leave of court. F.R.C.P. Rule 15(a). "The court should freely give leave when justice so requires." F.R.C.P. Rule 15(a)(2). "This standard favors leave as a necessary companion to notice pleading and discovery." *Lone Star Ladies Inv. Club v. Schlotzsky's Inc.,* 238 F.3d 363, 367 (5th Cir. 2001). "Absent a 'substantial reason' such as undue delay, bad faith, dilatory motive, repeated failures to cure deficiencies, or undue prejudice to the opposing party,…district courts must entertain a presumption in favor of granting parties leave to amend. *Mayeaux v. Louisiana Health Serv. & Indem. Co.,* 376 F.3d 420, 425 (5th Cir. 2004). The court must determine whether the proposed amendment (1) was merely proposing alternative legal theories for recovery on the same underlying facts, in which case amendment should be permitted; or (2) would

fundamentally alter the nature of the case, in which case the court may deny amendment if circumstances warrant. *Mayeaux v. Louisiana Health Serv. & Indem. Co.,* 376 F.3d 420, 427 (5th Cir. 2004).

James River argues that the proposed amendment "would unfairly prejudice defendant as the discovery deadline is fast approaching and would force defendant to defend wholly new allegations based on contract claims which will entail costly discovery, out of state depositions, and potentially fundamentally alter the nature of the case to add a contract claim." (Rec. Doc. 16, p. 2). The Court does not agree. Prejudice can hardly be inferred when Plaintiffs moved for leave to amend within the Court's established deadline for filing amended pleadings. Further, Plaintiffs seek to add claims for bad faith penalties under Louisiana's insurance statutes,[1] a routine type of claim commonly filed against uninsured motorist carriers, such as James River. Discovery will concern the nature and value of Plaintiffs' alleged damages and whether James River acted arbitrarily and capriciously in failing to pay more. James River has presented no evidence that the proposed bad faith claims would pose novel or complex contractual claims requiring significant discovery as it seems to contend. The Court is also persuaded by the parties' indication that James River has already retained an expert neurologist to defend against the medical

---

[1] La. R.S. 22:1973 and 22:1892 authorize recovery of bad faith penalties and attorneys' fees from insurers who fail to pay legitimate claims.

evidence, which will be a primary consideration in the case, with or without the assertion of bad faith claims. Hence, absent specific facts evidencing prejudice by the amendment, the Court finds that Plaintiff's proposed amendment is permitted.

In its reply brief, plaintiff's counsel seeks attorney's fees based on the failure of defendant's counsel to consent in good faith pursuant to ULLR 7.4.1. While the request is well taken, and defense counsel is so admonished, the relief sought is first raised in a reply brief, and therefore, the request must be denied.

## **Conclusion**

For these reasons, the Court finds that Plaintiffs' Motion to Amend (Rec. Doc. 14) is GRANTED.

THUS DONE in Chambers, Lafayette, Louisiana on this 21st day of February, 2020.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE